IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERROL BROWN, | : | CIVIL ACTION NO. **3:CV-13-2920** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| ERIC HOLDER, *et al.*, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I.      Background.**

On December 4, 2013, Petitioner, Errol Brown, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") at the York County Prison ("YCP"), York, Pennsylvania, filed, *pro se*, an 12-page typed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, with Exhibits attached. Petitioner challenges his detention by ICE at YCP. Petitioner also seeks declaratory relief under 8 U.S.C. §1503(a), seeking this Court to declare that he is a derivative U.S. citizen and not subject to removal and detention by ICE. (Doc. 1). Petitioner paid the filing fee. (Doc. 5). Petitioner also filed a 2-page typed Motion for a Stay of Removal since he contends that there is a substantial likelihood that he will succeed on his claim that he is a derivative U.S. citizen and not subject to removal from the United States. (Doc. 2).

On December 11, 2013, Petitioner filed a Motion requesting that his habeas petition be stayed and held in abeyance while he litigates in the immigration court his application for derivative U.S. citizenship, Form N-600. (Doc. 6). Petitioner states that on December 3, 2013, the Immigration Judge re-opened his case to allow him to file a Form N-600 application.

**II.    Habeas Claims.**

Petitioner is a native of Jamaica. Petitioner claims that he is a derivative United States citizen since his father was naturalized on March 14, 1986, before he turned 18 years old. Thus, Petitioner claims that he should be immediately released from ICE's detention because he is a U.S. citizen and not subject to removal from the United States. Thus, Plaintiff claims that his mandatory detention by ICE at YCP since November 5, 2013, is unconstitutional and, that his March 2, 2005 removal order should essentially be vacated since he is a derivative U.S. citizen. Petitioner states that the Government deprived him of his due process rights during his immigration proceedings since it failed to properly investigate his claim of derivative U.S. citizenship. Petitioner states that he seeks this Court to issue a Declaratory Judgment under 8 U.S.C. §1503(a) and to declare that he is derivative U.S. citizen. Petitioner also requests this Court to release him for ICE's "indefinite detention" and to release him from the removal order which was issued against him.

Petitioner also states that he is not a flight risk or a danger to the community since the PA Board of Probation and Parole ("PBPP") issued a decision on July 15, 2013, in which it paroled him from his state sentence on or after October 6, 2013, to ICE's detainer which was lodged against him. Petitioner attached the PBPP's decision to his habeas petition as an Exhibit. As mentioned, Petitioner states that ICE took custody of him and detained him at YCP on November 5, 2013, and that he has remained in ICE's custody.

As relief, Petitioner requests this Court to grant him immediate release from ICE's detention at YCP since he states that he is a U.S. citizen. Petitioner also request this Court to declare that ICE cannot subject him to the final removal order since he is a derivative U.S. citizen. Thus, Petitioner

is essentially challenging, in part, his final removal order.[1]

Petitioner names as Respondents the U.S. Attorney General, Eric Holder as well as DHS Secretary Napolitano and ICE Director Decker, and YCP Warden Mary Sabol.[2]

We have not yet directed Respondents to respond to the Habeas Petition.  We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[3], 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Pacitti v. Lindsay*, 2006 WL 1274997 *1 (M.D. Pa.); *Shafer v. BICE*, Civil No. 07-0264, M.D. Pa., Memorandum (4-24-07)(J. Munley), slip op. pp. 2-3, 2007 WL 1217692, * 1 (M.D. Pa. 2007); *Nuculovic v. Chertoff*, 2007 WL 1650613, *1 (M.D. Pa. 2007).   As discussed below, we find that this Court lacks subject matter jurisdiction over Petitioner's claims that he is entitled to derivative U.S. citizen and that his removal order should essentially be vacated.

---

[1] As discussed below, under the Real ID Act, this Court lacks jurisdiction to review Petitioner's challenge to his removability.  *See Jordan v. Ashcroft*, 424 F.3d 320, 326-327 (3d Cir. 2005).

[2] The only proper Respondent is the Warden of York County Prison, Mary Sabol. *See* 28 U.S.C. §§ 2242 & 2243. *See also Padilla*, 542 U.S. at 434 (alteration in original) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"); *Stanko v. Obama*, 434 F. App'x 63, 65 n.1 (3d Cir. 2011); *Griffin v. Ebbert*, Civil Action No. 3:07-CV-2239, 2009 WL 866844, at *1 (M.D. Pa. Mar. 30, 2009).

[3] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Thus, we will recommend that this case be summarily dismissed without service of it on Respondents since this Court lacks subject matter jurisdiction over Petitioner's claim that he is a U.S. citizen and his challenge to his final removal order.

### III. Discussion.

In the above-referenced § 2241 habeas case and declaratory judgment action under 8 U.S.C. §1503(a), Petitioner is an ICE detainee at YCP since November 5, 2013. Petitioner basically states that his removal proceedings are final and, that he is not subject to removal and continued detention by ICE since he is a derivative U.S. citizen because his father was naturalized when he was under 18 years old. Further, Petitioner challenges his continued detention by ICE at YCP while he is waiting to be removed since he claims that he is a U.S. citizen. Thus, Petitioner also challenges the legality of his continued detention at YCP, and he requests the Court to enter an Order for his immediate release. Petitioner further requests this Court to declare that he is a U.S. citizen.

Initially, we find that this Court lacks jurisdiction under 8 U.S.C. §1503(a) with respect to Petitioner 's request for declaratory judgment "because of an exception in section 1503(a)(1) barring jurisdiction of such actions when the issue of citizenship arose 'by reason of' removal proceedings." *Phuc Huu Nguyen v. U.S. Citizenship & Immigration Services*, 2010 WL 3521910, *1 (M.D.Pa. Aug. 31, 2010). We also find that this Court lacks jurisdiction over Petitioner's habeas petition insofar as he is essentially seeking this Court to vacate his removal order based on his alleged U.S. citizenship.

4

Petitioner states that after he was convicted on June 10, 2002, in the Court of Common Pleas of Chester County, PA, of possession with intent to deliver a controlled substance, he received a Notice to Appear from ICE on July 18, 2002. Petitioner states that during his removal proceedings before an Immigration Judge ("IJ") he claimed that he was a U.S. citizen and not subject to removal since his father was naturalized. Petitioner states that at his February 2, 2005 immigration hearing, the IJ ordered ICE to investigate his claim of U.S. citizenship while he was serving his state sentence. The portion of the transcript which Petitioner submitted from his February 2, 2005 immigration hearing, indicates that the IJ found that Petitioner was not a U.S. citizen and that he was an alien. The IJ also encouraged Petitioner to bring his claim of derivative citizenship to the attention of ICE, and advised Petitioner this was the first time he was raising this claim and that it was his responsibility to show that he was a U.S. citizen. Petitioner then states that the IJ issued a removal order against him on March 2, 2005. Petitioner states that he filed an appeal of his removal order with the BIA arguing that he was a derivative U.S. citizen, but he does not state the result of his appeal. Petitioner states that he has now been 8 years and ICE still failed to show that he is not a U.S. citizen. Petitioner contends that he can appeal the denial of his certificate of citizenship (Form N-600) to this Court in an action for declaratory judgment under 8 U.S.C. §1503(a).

Recently, Petitioner filed a Motion with this Court requesting that his habeas petition be stayed and held in abeyance while he litigates in the immigration court his application for derivative U.S. citizenship, Form N-600. (Doc. 6). Petitioner states that on December 3, 2013, the Immigration Judge re-opened his case to allow him to file a Form N-600 application.

As the Court stated in *Phuc Huu Nguyen v. U.S. Citizenship & Immigration Services*, 2010 WL 3521910, *2, "Petitioner is seeking a declaration of citizenship to avoid being removed. The issue of Petitioner's status as a citizen thus traces back to the removal proceedings against him. It 'arose by reason of ... [the] removal proceeding.' Hence, [the District Court] lack[s] jurisdiction." As in the case of *Phuc Huu Nguyen v. U.S. Citizenship & Immigration Services*, we find that Petitioner Brown indicates that he is subject to a final order of removal and that his claim of derivative citizenship was rejected in his removal proceedings. Petitioner also states that on December 3, 2013, the Immigration Judge re-opened his case to allow him to file a Form N-600 application. (Doc. 6). However, Petitioner seeks this Court to stay his habeas petition while his application for U.S. citizenship is litigated in the immigration court.

As the Court stated in *Phuc Huu Nguyen v. U.S. Citizenship & Immigration Services*, 2010 WL 3521910, *4, "[b]ecause the issue of Petitioner's status as a citizen of the United States 'arose by reason of' his removal proceedings, we lack jurisdiction over his declaratory judgment claim." Also, as the Court stated in *Phuc Huu Nguyen v. U.S. Citizenship & Immigration Services*, "[i]t is immaterial in the context of this case that Petitioner sought a certificate of citizenship after his removal proceedings ended." *Id*. The Court stated that "[o]therwise, we would defeat the purpose of section 1503(a)(1) 'to protect removal proceedings from judicial interference and preserve 8 U.S.C. §1252 as the exclusive means of challenging a final order of removal.'" *Id*.(citations omitted). We find that Petitioner Brown sought a certificate of citizenship after his removal proceedings ended. We also find that Petitioner Brown has now been allowed to litigate in the immigration court his application for derivative U.S. citizenship, Form N-600. (Doc. 6). Regardless, we find that this

federal Court lacks jurisdiction over Petitioner Brown's declaratory judgment action and that Petitioner 's request for this Court to stay his habeas petition and hold it in abeyance should be denied. *Id*.

We also find that this Court lacks jurisdiction under 28 U.S.C. §2241 since Petitioner Brown is basically challenging his removal order. *See Phuc Huu Nguyen v. U.S. Citizenship & Immigration Services*, 2010 WL 3521910, *5.

Basically, Petitioner Brown seeks this Court to review his final removal order since he claims that he is not subject to removal since his is a derivative U.S. citizen. As stated, Petitioner is also seeking release from confinement since he claims that his continued detention by ICE violates the Due Process Clause of the Constitution because he is a U.S. citizen.

Petitioner's claim challenging his removal order based on his contention that he is a U.S. citizen is not a claim over which this Court has jurisdiction in a § 2241 habeas petition. *Id*.(citing *Jordan v. Ashcroft*, 424 F.3d at 326).

In *Portes-Ortiz v. Mukasey*, 2008 WL 2973016, *1 (M.D. Pa.), the Court stated:

> The REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, provides that the exclusive remedy for challenging an order of removal is a petition for review filed with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); *see also id*. § 1252(a) (5); *Jordon v. Attorney Gen.,* 424 F.3d 320, 326 (3d Cir.2005). Moreover, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney Gen.,* 501 F.3d 323, 329 (3d Cir.2007).
>
> Portes-Ortiz is not requesting release pending his removal on the basis that his continued detention by ICE violates his constitutional rights under *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Rather, he is challenging his actual removal to the Dominican Republic on the basis that he is entitled to derivative citizenship through his ex-wife and to protection under the

7

Convention Against Torture. Therefore, the petition will be construed as a petition for review of the removal order of the immigration judge. Because this court lacks subject matter jurisdiction to entertain the petition for review or to transfer it to the appropriate court of appeals, *see Monteiro v. Attorney Gen.,* 261 Fed Appx. 368, 369 (3d Cir.2008), the petition will be dismissed.

Thus, under the Real ID Act, any challenge Petitioner Brown has with respect to his removal decision, including a challenge to his citizenship, must be raised in a Petition for Review of his final Removal Order and filed with the Third Circuit Court of Appeals. As discussed, we find that the District Court lacks jurisdiction over this issue.[4] *See Jordan, supra; Portes-Ortiz, supra; Phuc Huu Nguyen v. U.S. Citizenship & Immigration Services*, 2010 WL 3521910, *5.

Since we find that this Court lacks jurisdiction over this case, we will recommend that the Court dismiss Petitioner's Motion for a Stay of Removal (Doc. 2) in which Petitioner contends that there is a substantial likelihood that he will succeed on his claim that he is a derivative U.S. citizen and not subject to removal from the United States. We will also recommend that Petitioner's Motion requesting that his habeas petition be stayed and held in abeyance while he litigates in the immigration court his application for derivative U.S. citizenship, Form N-600, be denied. (Doc. 6).

---

[4] The Real ID Act provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . ." Real ID Act § 106(a)(1) (adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)).

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Brown's Habeas Petition **(Doc. 1)** be dismissed in its entirety for lack of subject matter jurisdiction. It is also recommended that Petitioner's Motion for a Stay of Removal **(Doc. 2)** be dismissed. Further, it is recommended that Petitioner's Motion requesting that his habeas petition be stayed and held in abeyance **(Doc. 6)** be denied.

Finally, it is recommended that the Court close this case.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 12, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERROL BROWN, : CIVIL ACTION NO. **3:CV-13-2920**
:
    Petitioner : (Judge Caputo)
:
v. : (Magistrate Judge Blewitt)
:
ERIC HOLDER, *et al.*, :
:
    Respondents :

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **December 12 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 12, 2013**