# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERROL BROWN, | |
| Petitioner, | CIVIL ACTION NO. 3:CV-13-2920 |
| v. | (JUDGE CAPUTO) |
| ERIC HOLDER, *et al.*, | (MAGISTRATE JUDGE BLEWITT) |
| Respondents. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 7) recommending that: Petitioner Errol Brown ("Brown")'s Petition for Writ of Habeas Corpus (Doc. 1) be dismissed in its entirety for lack of subject matter jurisdiction; Brown's "Request of Restraining Order for a Stay of Removal" (Doc. 2) be dismissed; and that Brown's "Motion Requesting the Federal Petition Be Stayed and Held in Abeyance" (Doc. 6) be denied. Brown filed timely objections to the Report and Recommendation. Because the Court lacks jurisdiction over Brown's Habeas Petition, the Report and Recommendation will be adopted.

**I. Background**

Brown alleges the following in his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed on December 4, 2013:

Brown is a native of Jamaica and his father, Everald G. Brown, was naturalized on March 14, 1896, before Brown reached eighteen (18) years of age. After being convicted for carrying a firearm on a public street and possession with intent to deliver a controlled substance, Brown's first removal proceeding began on September 20, 2002. On or about March 2, 2005, Immigration Judge Durling entered an order to remove him from the United States. Brown alleges that he filed a timely appeal to the Board of Immigration Appeals

("BIA") and that during the pendency of his appeal, he sought information concerning the naturalization of his father. He alleges that he entered immigration custody on November 5, 2013, and although he "does not challenge the order of removal," he seeks release under the conclusion that he is a United States citizen. (Doc. 1, 2.) In his petition, Brown states that he is "entitled to be released" and pleads that the Court "will not allow the Government to subject him to any further removal order." (Doc. 1, 10-12.) Brown also seeks a declaration from the Court, under 8 U.S.C. § 1503(a), that he his a derivative United States citizen and not subject to removal and detention by the Bureau of Immigration and Customs Enforcement ("ICE") (Doc. 1). Brown asserts that he argued before the Immigration Judge that he was a United States citizen, as "a defense to the removal proceedings." (Doc. 1, 8.)

In addition to his Habeas Petition, Brown filed a "Request of Restraining Order for a Stay of Removal" (Doc. 2) in which he contends that there is a substantial likelihood that he will succeed on his claim that he is a derivative U.S. Citizen and thus not subject to removal. Brown also filed a "Motion Requesting the Federal Petition Be Stayed and Held in Abeyance" (Doc. 6) on December 11, 2013, while he litigates his application for derivative citizenship in immigration court. Brown asserts that Immigration Judge Durling re-opened his case on December 3, 2013, allowing him an opportunity to file an N-600 form. (Doc. 6, 2).

## II. Legal Standards

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept,

reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

### III. Discussion

District courts lack subject matter jurisdiction under 28 U.S.C. § 2241 to review a petition seeking review of a final removal order. *See Phuc Huu Nguyen v. U.S. Citizenship & Immigration Servs.*, No. 09-CV-2211, 2010 WL 3521910, at *5 (M.D. Pa. Aug. 31, 2010) (citing *Jordon v. Attorney General,* 424 F.3d 320, 326 (3d Cir.2005))("We lack jurisdiction under 28 U.S.C. § 2241 for a petition seeking review of an order of removal."). As Magistrate Judge Blewitt points out, the exclusive remedy for challenging an order of removal is to file a petition for review filed with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." *See* 8 U.S.C. § 1252(b)(2) and (a)(5). Thus "'the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal. *Portes-Ortiz v. Mukasey*, 08-CV-1321, 2008 WL 2973016, at *1 (M.D. Pa. Aug. 4, 2008) (citing *Kolkevich v. Attorney Gen.,* 501 F.3d 323, 329 (3d Cir.2007)).

Despite Brown's statements to the contrary, the Court agrees with Magistrate Judge

3

Blewitt's interpretation of Browns's Petition as a challenge to his removal order. *See, e.g. Phuc Huu Nguyen v. U.S. Citizenship & Immigration Servs.*, 09-CV-2211, 2010 WL 352191, at *5 (M.D. Pa. Aug. 31, 2010) ("Petitioner does not specifically seek relief against the removal order, but we believe he essentially is challenging the order of removal because he has stated that he wants to establish his citizenship, in part, so that he can 'go home to his family because of the threat of deportation.'"). Therefore, the Court lacks jurisdiction to review Brown's removal order under 28 U.S.C. § 2241.

Since the Court lacks jurisdiction regarding Brown's petition under 22 U.S.C. § 2241, the Court agrees with Magistrate Judge Blewitt's recommendation that both Brown's Motion Request of Restraining Order for a Stay of Removal (Doc. 2) and Motion Requesting the Federal Petition Be Stayed and Held in Abeyance (Doc. 6) be denied.

With respect to Brown's request for a declaration of citizenship, the Court also lacks jurisdiction under 8 U.S.C. § 1503(a) because Brown's claim arose by reason of his removal proceedings. This statute confers jurisdiction on federal district courts to hear certain declaratory judgment actions, subject to two important exceptions. Specifically, "no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a).

In this case, Brown's removal proceedings began on September 20, 2002, and the Immigration Judge issued a removal order for Brown on or about March 2, 2005. Brown asserts that "[a]s a defense to the removal proceedings, he argued before the Immigration Judge ("IJ") that he was a U.S. citizen." (Doc. 1, 8.) Since the issue of Brown's status as a citizen "traces back to the removal proceeding against him," the Court agrees with Magistrate Judge Blewitt's recommendation that the Court lacks

jurisdiction over this action under 8 U.S.C. § 1503(a). *See., e.g. Phuc Huu Nguyen,* 2010 WL 3521910, at *2 ("Petitioner is seeking a declaration of citizenship to avoid being removed. The issue of Petitioner's status as a citizen thus traces back to the removal proceedings against him. It 'arose by reason of ... [the] removal proceeding.' Hence, we lack jurisdiction.").

## IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted, Brown's Habeas Petition (Doc. 1) will be dismissed, and Brown's Motion Request of Restraining Order for a Stay of Removal (Doc. 2) and Motion Requesting the Federal Petition Be Stayed and Held in Abeyance (Doc. 6) will be denied.

An appropriate order follows.

January 15, 2014 /s/ A. Richard Caputo
Date                              A. Richard Caputo
                                  United States District Judge